

*[Marginal stamp: DENIED for failure to comply with the service/filing requirements of this Court's Supplemental Order. SO ORDERED. Peter C. Dorsey, U.S. District Judge 10/20/03]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KATHLEEN MILLS )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>RE/MAX HERITAGE )<br>)<br>Defendant. ) | CIVIL ACTION NO.<br>3:03 CV 322 (PCD)<br><br><br><br><br><br>OCTOBER 10, 2003 |

### PLAINTIFF'S MOTION TO REMAND

Plaintiff, Kathleen Mills, by her attorneys, Casper & de Toledo, LLC, and pursuant to 28 U.S.C. § 1447(c), moves this Court for an order remanding the state law claim back to the Superior Court within and for the Stamford/Norwalk Judicial District. The basis for this motion is that this Court does not have jurisdiction over the federal disability claim given that the Defendant does not meet the definition of an "employer" as required by 42 U.S.C. § 12111(5)(A). Absent jurisdiction over the federal law claim, this Court cannot exercise supplemental jurisdiction over the pendent state law claim and must remand the claim.

The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, subjects a "covered entity" to the requirements of the statute. A covered entity includes an employer "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

In this case, the defendant is a real estate brokerage company which is affiliated with sales agents licensed by the State of Connecticut to market real estate. Although the