UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
Dec 12  3 49 PM '03

| | | |
|---|---|---|
| KATHLEEN MILLS | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | 3:03 CV 322 (PCD) |
| | ) | |
| v. | ) | |
| | ) | |
| RE/MAX HERITAGE | ) | |
| | ) | |
| Defendant. | ) | OCTOBER 10, 2003 |

**PLAINTIFF'S MOTION TO REMAND**

Plaintiff, Kathleen Mills, by her attorneys, Casper & de Toledo, LLC, and pursuant to 28 U.S.C. § 1447(c), moves this Court for an order remanding the state law claim back to the Superior Court within and for the Stamford/Norwalk Judicial District. The basis for this motion is that this Court does not have jurisdiction over the federal disability claim given that the Defendant does not meet the definition of an "employer" as required by 42 U.S.C. § 12111(5)(A). Absent jurisdiction over the federal law claim, this Court cannot exercise supplemental jurisdiction over the pendent state law claim and must remand the claim.

The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, subjects a "covered entity" to the requirements of the statute. A covered entity includes an employer "engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 12111(5)(A).

In this case, the defendant is a real estate brokerage company which is affiliated with sales agents licensed by the State of Connecticut to market real estate. Although the

total number of persons affiliated with defendant exceeded 15 persons, the majority of these individuals were sales agents retained as independent contractors. Individuals who could be considered true employees of the defendant numbered less than five.

In <u>Nationwide v. Darden</u>, 503 U.S. 318, 322, 112 S.Ct. 1344 (1992), the Supreme Court addressed the issue of whether an insurance agent was an employee or independent contractor for purposes of coverage under ERISA. The Court remanded the case with instructions to determine whether Darden fell within the common law definition of an employee, namely, someone subject to the control and direction of an employer.

The Supreme Court's analysis has been utilized by various district courts to evaluate the status of real estate sales agents. <u>Verdecchia v. David A. Prozan, Inc.</u> 2003 WL 21766537, (July 30, 2003) (W.D. Pa.); <u>Stetka v. Hunt Real Estate Corp.</u> 859 F.Supp. 661 (W.D.N.Y. 1994). In these cases, the real estate agents were deemed to be independent contractors.

Under <u>Darden</u>, it is clear that a factual basis does not exist to deem defendant's sales agents as employees. Accordingly, the statutory definition of an employer does not exist and this court is without jurisdiction with respect to the federal claim. Accordingly, plaintiff moves for remand of the state law claim pursuant to 28 U.S.C. § 1447(c).

THE PLAINTIFF

By: _____
Victoria de Toledo CT06741
Harold R. Burke CT03338
Casper & de Toledo LLC
1458 Bedford Street
Stamford, CT 06905
Tel. No.: (203) 325-8600
Facsimile: (203) 323-5970

2

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed this date hereon, to the following counsel of record:

>Conrad S. Kee
>Michelle Riordan
>Jackson Lewis, LLP
>177 Broad Street
>P.O. Box 251
>Stamford, CT 06904-0251

_____
Harold R. Burke