UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| Kathleen MILLS, | : |
|     Plaintiff, | : |
| | : |
| -v- | : 3:03cv322 (PCD) |
| | : |
| Re/MAX HERITAGE, | : |
|     Defendant | : |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

Plaintiff moves to remand this case to state court. For the reasons that follow, the motion is **granted.**

**I.   BACKGROUND**

Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities and initiated suit in the Superior Court for the Judicial District of Stamford/Norwalk, pleading in two counts. The first and second counts respectively allege violations of the Connecticut Fair Employment Practices Act (CFEPA), CONN. GEN. STAT.§ 46a-60a *et seq*. and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq*. Defendant subsequently filed a notice of removal, pursuant to 28 U.S.C. § 1441, stating that this Court has jurisdiction over the action due to Plaintiff's assertion of a claim under federal law. Plaintiff's motion to remand followed.

**II.   LEGAL STANDARD**

In recognition of Congress's intent to limit the jurisdiction of the federal courts, the removal statute, 28 U.S.C. § 1441, is to be strictly construed. *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 201 (2d Cir. 2001) (citation omitted). The party asserting federal jurisdiction bears the burden of showing its existence. *United Food &*

*Commercial Workers Union, Local 919 v. Centermark Properties Meriden Square*, 30 F.3d 298, 301 (2d Cir., 1994) (citation omitted). Furthermore, any doubts as to whether federal jurisdiction exists are to be resolved against removability. *Lupo v. Human Affairs Int'l*, 28 F.3d 269, 274 (2d Cir., 1994).

### III.    DISCUSSION

Plaintiff argues that this Court lacks subject matter jurisdiction over the present action because, contrary to the allegations stated in her complaint, Defendant is not an employer within the meaning of the ADA. Therefore, Plaintiff argues, there is no matter over which this court may exercise original jurisdiction, and removal was improper. Defendant argues that the Court should exercise supplemental jurisdiction despite the lack of an unresolved question of federal law.[1]

Plaintiff's complaint alleged that Defendant violated the ADA by discharging Plaintiff because it regarded her as "having a substantial impairment of one or more of her major life activities." Pl. Complaint at 4. However, in her motion to remand, Plaintiff states that, contrary to count two of her complaint, Defendant is not an employer within the meaning of the ADA and hence there exists no claim over which this Court has original jurisdiction. The ADA defines an employer as "one who has 15 or more employees in each working day in each of 20 or more calendar weeks . . . ." 42 U.S.C. § 12111(5)(A) (2004). Plaintiff now states that "Defendant does not meet the definition of an 'employer' as required by 42 U.S.C. § 12111(5)(A)[,]" since "[i]ndividuals who could

---

[1]     Neither party has argued for the existence of diversity jurisdiction pursuant to 28 U.S.C. § 1332.

be considered true employees of the defendant numbered less than five." Pl. Mem. at 2. By seeking remand on the basis that Defendant is not an employer under the ADA, not disputed by Defendant, Plaintiff is abandoning her ADA claim, her sole basis for federal jurisdiction. The remaining count alleges a violation of the CFEPA. Consequently, Plaintiff requests that the Court decline to exercise supplemental jurisdiction over the pendant state law claim and remand the action to state court.

Defendant contends that removal jurisdiction is not lost when a federal question claim is defeated on its merits. Def. Mem. at 3. The only basis for retaining jurisdiction over the remaining state law claim is the exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367, and Defendant notes that a federal court may exercise supplemental jurisdiction over state law claims, even when all federal claims have been dismissed. Def. Mem. at 4. Defendant also comments that the case has been pending in federal court for several months and states that a remand would offend "the values of judicial economy, convenience, fairness, and comity." Def. Mem. at 5.

A United States District Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367 is discretionary. *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir., 1994). The Court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2004). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484

U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988).[2]  Although decided before the adoption of 28 U.S.C. § 1367, *Cohill* has been held to apply to cases where a U.S. District Court is asked to exercise supplemental jurisdiction over a state law claim.  *See, e.g. Valencia v. Sung M. Lee*, 316 F.3d 299 (2d Cir., 2003); *Parker v. Rocco*, 252 F.3d 663 (2d Cir., 2001); *New York State NOW v. Terry*, 159 F.3d 86 (2d Cir., 1998).

Under the guidelines announced in *Cohill*, the case must be remanded.  Although it has been pending before this Court since February 24, 2003, no jury has been selected and to date there have been only twenty-seven docket entries, many of which are motions for extensions of time and notice of appearances.  *Cf. Purgess v. Sharrock*, 33 F.3d 134, 139 (2d Cir., 1994) (affirming the exercise of supplemental jurisdiction when all federal claims were dismissed because "[t]he parties and the court had spent years preparing for this trial in federal court; the jury had heard evidence for several days and was ready to begin its deliberations; and it would have been wasteful to subject this case to another full trial before a different tribunal.").  Furthermore, the Court has not become familiar with the factual background of the action to an extent that would justify the exercise of supplemental jurisdiction in the absence of a federal question.  *Cf. Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 276 (3d Cir., 2001) (upholding the district court's exercise of supplemental jurisdiction over a state law claim when all federal claims had been dismissed since, "the district court had become fully familiar with the factual

---

[2] *See also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

background and the positions of the parties.").

The Court declines to exercise supplemental jurisdiction over the remaining CFEPA claim (Count One).

## IV.    CONCLUSION

Plaintiff's motion to remand [Doc. No. 20] is **granted**. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, February 13 , 2004.

                                                           /s/

                                            Peter C. Dorsey
                                  Senior United States District Judge